UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Lizzie Bray<br><br>AND<br><br>Sebrina T. Richardson<br><br>Plaintiffs,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

2. Pursuant to 28 U.S.C. §1391, venue is proper because the events giving rise to the actions occurred here because collection calls were made to Plaintiffs from the 404 Atlanta area code.

## STATEMENT OF FACTS

3. At all times relevant to this action, Defendant, Portfolio Recovery Associates, LLC, ("PRA"), collected consumer debts.

4. PRA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

5. The principal source of PRA's revenue is debt collection.

1

6. PRA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

7. As described, *infra*, PRA contacted Plaintiff, Sebrina T. Richardson, ("Sebrina"), to collect a debt that was incurred primarily for personal, family, or household purposes.

8. As described, *infra*, PRA contacted Plaintiff, Lizzie Bray, Sebrina's mother and POA, ("Lizzie"), to collect a debt that was incurred primarily for personal, family, or household purposes.

9. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

10. Sebrina and Lizzie are "consumers" as defined by 15 U.S.C. §1692a(3).

11. Around 2009, PRA contacted Lizzie on Lizzie's home telephone in connection with the collection of a debt allegedly owed by Sebrina.

12. In 2013, PRA contacted Sebrina on Sebrina's home telephone in connection with the collection of the debt.

13. During one communication in 2013, Lizzie requested PRA cease further calls to Lizzie and to Sebrina. In addition, Lizzie explained to PRA that Lizzie has Power of Attorney for Sebrina's finances.

14. Despite this request, PRA contacted Lizzie and Sebrina on numerous occasions in connection with the collection of the debt, most recently on or around January 7, 2014. In fact, on or around January 7, 2014, PRA contacted Sebrina on Sebrina's home telephone multiple times.

15. During one communication, after Lizzie requested PRA cease further calls to Lizzie, PRA told Lizzie PRA had the right to call Lizzie.

16. During one communication, Lizzie told PRA that Sebrina suffers from mental illness and the calls from PRA upset Sebrina. Lizzie, again, requested PRA cease further calls to Lizzie and Sebrina. PRA informed Lizzie that PRA would continue to contact Lizzie and Sebrina.

17. Neither Lizzie nor Sebrina have received any written communication from PRA despite the fact that Lizzie repeatedly requested validation of the debt.

18. PRA caused Lizzie and Sebrina emotional distress.

19. PRA violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt by continuing to call Plaintiff with high volume and long term pattern of calls after being told to stop. See *Tamayo v. Am. Coradious Int'l, L.L.C.*, 2011 U.S. Dist. LEXIS 149124, *3 (D. N.J. 2011); *Brandt v. I.C. Sys.*, 2010 U.S. Dist. LEXIS 14588, *6-7 (M.D. Fla. Feb. 19, 2010); *Prewitt v. Wolpoff & Abramson, LLP*, 2007 WL 841778 at *3 (W.D. N.Y. 2007); *Fausto v. Credigy Servs. Corp.*, 598 F. Supp. 2d 1049 (N.D. Cal. 2005); and *Joseph v. J. J. MacIntyre Companies, LLC*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

24. Defendant violated 15 U.S.C. §1692e when it told Wife that it had a right to call and it could continue to call after being told to stop.

25. The FDCPA does not permit PRA to call as many times as it wants. See See *Stuart v. AR Res., Inc.*, 2011 U.S. Dist. LEXIS 27025, *8-9 (E.D. Pa. 2011) and *Brzezinski v. Vital Recovery Servs., Inc.*, 2006 U.S. Dist. LEXIS 51263 at * 6 (E.D. Wis. 2006).

26. Sections 1692c and 1692d of the FDCPA both limit Defendant's ability to call consumers.

27. Defendant made a false and misleading statement about its ability to call to collect debt.

28. This statement would mislead the "unsophisticated" or "least sophisticated" consumer about their rights to both request verbally and in writing for collection calls to stop.

29. This statement would also mislead the "unsophisticated" or "least sophisticated" consumer about their rights for communications to cease when they have an attorney.

30. This statement would mislead the unsophisticated or least sophisticated consumer and thus violates the FDCPA Section 1692e.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

4

34. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

   a. Judgment in favor of Lizzie and Sebrina against Defendant for actual damages for emotional distress, statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:___/s/ Charles Clapp_____
      One of Plaintiff's Attorneys


Of Counsel
303 Perimeter Center N #300
Atlanta, GA 30346
(404) 585-0040
charles@lawcmc.com

5